

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co*

Honorable Adam R. Johnson
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-2527
Re: Are inmates of public
or private institutions
for insane eligible to
receive old age assist-
ance.

We have your letter of July 9, 1940 wherein you request our opinion as to the eligibility for old age assistance of certain insane persons who are inmates of an institution described in your letter as follows:

"The following described situation now confronts the Department, and it is necessary that we make an early decision: A certain county in Texas, being the owner in fee of a large frame dwelling house, has leased this building to private individuals on a cash rental basis. In this institution 48 persons are confined. Twenty-two of this number are recipients of Old Age Assistance; 26 are private patients. All of these inmates have been duly adjudged N. C. M. and are under guardianship. The institution has 5 Orderlies, or guards, 3 male and 2 female. When the inmates become unruly or unmanageable, they are placed in irons, chained, or handcuffed; often being placed in strait-jackets. A licensed practicing physician is kept on call. The County Health Officer and County Psychiatrist make occasional visits to this institution for the purpose of examining the inmates and advising with the management as to the care and control of the inmates. Many of these inmates were removed from the County Psychopatic Ward to the institution..."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Adam R. Johnson, page 2

It cannot be doubted but that the above described institution is "of a custodial character."

Each of the enactments of the legislature setting up the qualifications for recipients of old age assistance have contained the following requirement in these same words (found in Vernon's Annotated Civil Statutes as Art. 6243-1 (d), 6243-5 (d) and in the 1939 amendment by S. B. #9, Sec. 1 (d):

"Is not at the time of receiving such aid an inmate of any public or private home for the aged, or any public or private institution of a custodial, correctional, or curative character, provided, however, that aid may be granted to persons temporarily confined in private institutions for medical or surgical care."

We believe the foregoing provision unequivocably excludes persons otherwise eligible to receive old age assistance, who are inmates of such an institution as described in your letter, whether such institution be public or private. The state has made other provision for the support and maintenance of its indigent insane and by the foregoing declaration the Legislature has expressly manifested its intention that old age assistance moneys should not be used for such purpose. This intention was reaffirmed by the legislature in Section 43 of the Public Welfare Act of 1939, Art. 695c, Vernon's Annotated Statutes of Texas, which reads in part:

"No provision of this Act is intended to release the counties and municipalities in this State from the specific responsibility which is currently borne by those counties and municipalities in support of public welfare. . . ."

You are therefore advised that the twenty-two inmates of the institution mentioned in your letter who have heretofore received old age assistance benefit payments are ineligible to receive such payments, and their names should be removed from the rolls of your department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_

Walter R. Koch
Assistant

APPROVED JUL 12, 1940

WRK:EP

_Acting_ ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN